UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
KELVIT BURGESS,                                             :
                            Plaintiff,                      :
                                                            :
v.                                                          :
                                                            :
SUPERINTENDENT OF OTISVILLE                                 :
CORRECTIONAL FACILITY; P. EARLY; S.                         :          **AMENDED OPINION AND ORDER**
ROBERTS; MS. A. SMITH-ROBERTS; MS. D.                       :
GLEBOCKI; MS. L. HURD;                                      :               15 CV 9256 (VB)
SUPERINTENDENT OF GREENE                                    :
CORRECTIONAL FACILITY; MS.                                  :
HAMMOND; MS. COLE; DR. SMITH;                               :
MAXINE FORBES GOULDING, in her capacity                     :
as the representative of Dr. Herbert E. Goulding's          :
Estate,                                                     :
                            Defendants.                     :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Kelvit Burgess, an inmate proceeding pro se and in forma pauperis, brings this

action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), alleging

defendants did not properly treat or accommodate a disabling physical condition from which he

suffers, called Bount's Disease.  Defendants Superintendent of Otisville Correctional Facility

(Kathleen Gerbing), P. Early, S. Roberts, A. Smith-Roberts, D. Glebocki, and L. Hurd

(collectively, the "Otisville Defendants") worked at the Otisville Correctional Facility

("Otisville"), along with Dr. Herbert E. Goulding.[1]  Defendants Superintendent of Greene

Correctional Facility (Brandon Smith), Hammond, Cole, and Dr. Smith (collectively, the

"Greene Defendants") worked at the Greene Correctional Facility ("Greene").

---

[1]     Plaintiff originally sued Dr. Goulding, who died December 9, 2015.  (Doc. #24).  Maxine
Forbes Goulding, in her capacity as the representative of Dr. Goulding's estate, has been
substituted for Dr. Goulding.  Ms. Goulding did not join this motion to dismiss, and for the
purposes of this Opinion and Order, is not one of the "Otisville Defendants."

Now pending is a Rule 12(b)(6) motion to dismiss on behalf of the Otisville Defendants and the Greene Defendants.  (Doc. #37).  Dr. Goulding's estate answered instead of moving to dismiss.  (Doc. #54).  Dr. Smith and Cole answered with respect to the Eighth Amendment deliberate indifference claims arising at Greene, but otherwise joined the motion to dismiss. (Doc. #34).

For the reasons set forth below, the motion is DENIED as to plaintiff's ADA discrimination claim related to busing against the Otisville Defendants, and GRANTED as to the Eighth Amendment claims against the Greene Defendants, the ADA retaliation claim against the Otisville Defendants, and the ADA discrimination claim regarding busing against the Greene Defendants.  Plaintiff is GRANTED leave to amend only with respect to (i) the Eighth Amendment conditions of confinement claim regarding unsafe showers, and (ii) the ADA discrimination claim regarding busing, both of which are against the Greene Defendants.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor.[2]

Plaintiff has been an inmate in various New York state correctional facilities since 2007. He suffers from Blount's Disease, which was treated with surgical implementation of staples in his knee.  Plaintiff also suffers from arthritis and asthma.  These conditions cause pain, limit his ability to walk, and require him to use a cane.

---

[2]     Factual allegations regarding claims not subject to the present motion are not included herein.

On July 30, 2015, plaintiff was transferred from Sing Sing Correctional Facility to Otisville. Upon arrival, an unknown sergeant told plaintiff he would need to give up his cane to remain at Otisville. Plaintiff refused and was sent to Fishkill Correctional Facility.

On August 5, 2015, plaintiff was returned to Otisville because the transfer to Fishkill Correctional Facility was unauthorized. At Otisville, Dr. Goulding examined plaintiff and issued him a cane and a pass to sleep on the bottom bunk and to use the bus. Dr. Goulding required plaintiff to report to the infirmary each day during inmate programming—from 8:00 a.m. to 11:00 a.m. and noon to 3:00 p.m. During this time, Dr. Goulding required plaintiff to sit on a hard bench without back support, which exacerbated plaintiff's pain. Otisville's program committee excluded plaintiff from participating in programs unless plaintiff gave up his cane.

Although plaintiff was offered bus service at Otisville, the bus would either pick him up later than other inmates or not pick him up at all, causing him to receive meals cold and late or not at all. Plaintiff complained to an unknown sergeant, who instructed plaintiff to walk.

Plaintiff filed a grievance complaining he was excluded from programing and was having busing issues because of his disability. He requested either that his issues be remedied or that he be transferred to a different facility because of the hills at Otisville. The grievance was treated as a request for a medical transfer. On September 1, 2015, plaintiff met with Glebocki to explain that he did not request a transfer; rather, he told Glebocki he was complaining about not being allowed to participate in programming and not having timely busing. Glebocki informed plaintiff that she submitted the transfer request because plaintiff's cane requirement made him unsuitable for Otisville.

On September 3, 2015, plaintiff arrived at Greene. On September 7, he filed a grievance because (i) programs and services were a mile away from the dorms and busing was not

provided; (ii) notifications regarding requests for accommodation for disabled inmates were not posted in the housing area; and (iii) handrails were not in the bathroom stalls or showers. Plaintiff's grievance was denied.

Plaintiff sometimes missed meals due to the quarter-mile walk to the mess hall, and Greene did not send meals to the dormitories. Plaintiff sometimes did not eat because he could not carry his food tray.

On November 20, 2015, plaintiff slipped in the shower injuring his back.

**DISCUSSION**

I.    <u>Legal Standard</u>

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court evaluates the sufficiency of the complaint under the "two-pronged approach" outlined by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id</u>. at 678. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id</u>. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678. "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).  Nor may the Court "invent factual allegations" plaintiff has not pleaded.  Id.

II.   Eighth Amendment Claims

Plaintiff claims the conditions of his confinement at Greene violated his Eighth Amendment rights.  To state such a claim, a plaintiff must allege: "(1) objectively, the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) subjectively, the defendant official acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety."  Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks and alteration omitted).

Regarding the objective requirement, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health."  Walker v. Schult, 717 F.3d at 125.  He must allege prison officials deprived him "of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions."  Id. (internal quotation marks omitted).  When a plaintiff seeks to combine individual deprivations,

the sum equates a conditions of confinement claim only if the composite conditions "have a

mutually enforcing effect that produces the deprivation of a single, identifiable human need."

Wilson v. Seiter, 501 U.S. 294, 304 (1991) (stating that holding prisoners in cold cells without

blankets may constitute a violation).

> With respect to the subjective requirement:
>
> a prison official cannot be found liable under the Eighth Amendment for denying an
> inmate humane conditions of confinement unless the official knows of and disregards
> an excessive risk to inmate health or safety; the official must both be aware of facts
> from which the inference could be drawn that a substantial risk of serious harm exists,
> and he must also draw the inference.  This "deliberate indifference" element is
> equivalent to the familiar standard of "recklessness" as used in criminal law.

Phelps v. Kapnolas, 308 F.3d 180, 185-86 (2d Cir. 2002) (citation omitted).

The present motion seeks to dismiss the Eighth Amendment conditions of confinement

claim against the Greene Defendants.  Plaintiff claims five conditions violated his Eighth

Amendment rights: (i) the lack of handrails in the showers, (ii) the lack of handrails in bathroom

stalls, (iii) the failure to post signage relating to disability accommodations, (iv) the practice of

requiring inmates to walk to meals and not providing bus service, and (v) the expansive layout of

the prison facility.

The Court first addresses plaintiff's allegations that the showers at Greene did not contain

railings and that plaintiff complained to unspecified prison officials, but no action was taken.

With respect to the objective requirement, the absence of safety railings in showers

creates a sufficiently serious safety risk, at least for disabled inmates.  At least one other court

has held as such with respect to Greene's shower facilities, so the Greene defendants should not

be surprised by this.  See Lee v. Graziano, 2013 WL 4426447 at *6-7 (N.D.N.Y. Aug. 15,

2013).[3]  Thus, plaintiff has satisfied the objective requirement.

      With respect to the subjective requirement, plaintiff alleges he requested that railings be

placed in the shower.  However, he does not allege to whom he made this request.  Thus, the

allegations are insufficient to satisfy the second requirement with respect to any defendant.  To

state a claim, plaintiff must allege that a specific defendant or defendants knew of, and

disregarded, the excessive risk to his safety.  See Walker v. Schult, 717 F.3d at 125.

      Because plaintiff's allegations suggest that some prison official or officials were

sufficiently aware of the risk to his safety, plaintiff is granted leave to amend.  Plaintiff's

"revised pleading should specifically allege facts demonstrating the specific involvement of"

specific prison officials "in sufficient detail to establish that they were" aware of the risk and did

nothing about it.  Lee v. Graziano, 2013 WL 4426447 at *6-7.

      However, the remaining allegations of unconstitutional conditions at Greene, even when

construed liberally, fail to allege conditions of confinement so cruel and unusual so as to violate

the Eighth Amendment.  The conditions, separately and in combination, do not violate

contemporary standards of decency with respect to any identifiable human need, such as inmate

health or safety.  At most, plaintiff alleges he experienced discomfort while using the toilet or

walking to meals, but "[t]he Constitution 'does not mandate comfortable prisons.'"  Farmer v.

Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)).

      Accordingly, there is no allegation, or even a suggestion, that these conditions pose an

unreasonable risk of serious damage to plaintiff's health.  Thus, plaintiff's allegations fail to

---

[3]     Plaintiff will be provided with copies of all unpublished opinions cited in this decision.
See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

satisfy the objective requirement, and the Eighth Amendment claim regarding these conditions is dismissed without leave to amend.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

III.    ADA Claims

    A.    Retaliation

Plaintiff alleges the Otisville Defendants violated the ADA in transferring him to Greene in retaliation for filing a grievance.

To establish a prima facie case of ADA retaliation, the plaintiff must allege the defendant took an adverse action against the plaintiff.  See, e.g., Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002).  "[T]o state such a claim, a plaintiff must establish a materially adverse action that well might have dissuaded a reasonable person from making or supporting a charge of discrimination."  Warren v. Goord, 2008 WL 5077004, at *2 (2d Cir. Nov. 26, 2008) (summary order) (alteration and internal quotation marks omitted).

The Otisville Defendants argue plaintiff suffered no adverse action as a matter of law.

The Court agrees.

Plaintiff filed a grievance requesting either permission to ride the bus with the other inmates or to be transferred to another facility because of the hills at Otisville.  Shortly thereafter, plaintiff was transferred to another facility, Greene.  Thus, plaintiff received one of his alternative forms of requested relief.  This is not an adverse retaliatory action.

Accordingly, plaintiff's ADA retaliation claim is dismissed.  Repleading would be futile and thus, plaintiff is not granted leave to amend this claim.

    B.    ADA Discrimination

Plaintiff claims all defendants violated the ADA by excluding him from programs and services due to his disability.  ADA Title II provides: "Subject to the provisions of this

8

subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

Before reaching defendants' arguments for dismissal, the Court addresses a preliminary issue to focus the Court's analysis.  "Because the purpose of the ADA . . . is to 'eliminate discrimination on the basis of disability and to ensure evenhanded treatment between the disabled and the able-bodied,' a claim that does not allege such discriminatory treatment is not a viable" ADA claim.  Maccharulo v. N.Y. State Dep't of Corr. Servs., 2010 WL 2899751, at *5 (S.D.N.Y. July 21, 2010) (quoting Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir. 1998)).  That is, to state a claim, plaintiff must allege that he was treated differently than non-disabled inmates.

Defendants do not present this argument.  However, "[t]he court shall on its own motion" dismiss a claim by a prisoner if "the court is satisfied that the action . . . fails to state a claim upon which relief can be granted."  42 U.S.C. § 1997e(c)(1).

Plaintiff alleges only two acts of potentially discriminatory treatment, which will be analyzed separately.

First, plaintiff alleges the Otisville Defendants did not allow him to ride the bus with non-disabled inmates, causing him to arrive to meals late or miss them altogether.  Thus, plaintiff properly alleges he was treated differently than non-disabled inmates.

Second, he alleges Greene had a policy and custom "of forcing the [p]laintiff and inmates with [d]isabilities to walk in the rain and snow in order to eat, and to [d]eny [b]us [s]ervice to the disable[d] inmates, the same as they do for the [s]taff and [o]fficers."  (Compl. at 9).  It is not clear to the Court whether plaintiff alleges bus service was offered to non-disabled inmates, or only to Greene staff and officers.  However, liberally construed, this allegation suggests plaintiff

may have "a claim that []he has inadequately or inartfully pleaded," and therefore he should "be given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d at 112. Accordingly, plaintiff's claim is dismissed with leave to amend.

The rest of plaintiff's ADA discrimination claims, construed liberally, do not suggest any disparate or discriminatory treatment; all prisoners received the same treatment as plaintiff.[4] Accordingly, the latter claims are dismissed without leave to amend. See Cuoco v. Moritsugu, 222 F.3d at 112.

C.   Qualified Immunity

Movants argue the Eleventh Amendment bars plaintiff's ADA discrimination claims for money damages.

Defendants sued in their official capacities are not entitled to qualified immunity for ADA claims based on conduct that violates the Fourteenth Amendment.[5] See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d at 107-12. Defendants are correct to argue they are immune from suit unless the alleged deprivation of benefits was motivated by discriminatory animus or ill will due to the plaintiff's disability.[6]

---

[4]   Plaintiff alleges the Greene Defendants discriminated against him due to the lack of hand rails in the showers and a bathroom stall, and the failure to post reasonable accommodation notifications in the housing area. However, even if these were benefits or services for the purposes of an ADA Tile II claim, all prisoners were denied them equally. Thus, plaintiff was not treated any differently than his fellow inmates, and therefore could not have been subjected to discrimination under the ADA.

[5]   ADA Title II claims against defendants in their individual capacities must fail; Title II does not allow suits against state officials in their individual capacities. See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001).

[6]   The Fourteenth Amendment grants plaintiff the right not to be denied benefits based on the state actor's "discriminatory animus or ill will based on the plaintiff's disability." Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d at 111.

The Court will address qualified immunity with respect to the Otisville busing discrimination first, and then plaintiff's inartfully pleaded suggestion of busing discrimination at Greene.

The Otisville busing discrimination allegations, construed liberally, plausibly suggest discriminatory animus.  Plaintiff alleges the bus would pick up all non-disabled inmates and bring them for meals in a timely manner, but would not pick up plaintiff due to his disability and his cane.  Instead, he was told that he would need to wait for the bus to make another trip, causing him to receive his meals cold and late or not at all.  When he complained, he was told to walk.  These allegations plausibly claim discriminatory animus was a motivating factor for his disparate treatment.

Plaintiff's allegations suggest the Greene Defendants deprived disabled inmates from using bus service available to non-disabled inmates and forced disabled inmates to walk in inclement weather to eat.  As explained above, this claim must be dismissed with leave to amend because it is not clear whether disabled inmates were prevented from using a bus service that was available to non-disabled inmates.  There are no other allegations suggesting discriminatory animus at Greene related to busing.  Accordingly, the Court grants plaintiff leave to file an amended complaint to include facts of the Greene Defendants' discriminatory animus.

IV.    Leave to Amend

Plaintiff is reminded that any factual allegation in the amended complaint must be true to the best of his knowledge, information, and belief.  See Fed. R. Civ. P. 11(b)(3).  In the amended complaint, plaintiff shall clearly set forth the facts that give rise to each of his claims, including the dates, times, and places of the alleged underlying acts, and shall clearly identify each

individual who committed each alleged wrongful act.  See Lee v. Graziano, 2013 WL 4426447, at *8 (N.D.N.Y. Aug. 15, 2013).

The amended complaint will completely replace the existing complaint; therefore, plaintiff should include in the amended complaint all information necessary for any of the following claims he wishes to pursue: (i) the ADA discrimination claim related to busing at Greene; (ii) the Eighth Amendment conditions of confinement claim against the Greene Defendants regarding allegedly unsafe showers; (iii) the ADA discrimination claim related to busing at Otisville; (iv) all claims against Dr. Goulding's estate; and (v) the Eighth Amendment deliberate indifference claims against Dr. Smith and Cole for allegedly confiscating and failing to issue him back and knee braces, improperly documenting his medical condition, and failing to send him to an orthopedist.

**CONCLUSION**

The motion to dismiss is DENIED as to plaintiff's ADA discrimination claim related to busing at Otisville.

The motion to dismiss is GRANTED as to the Eighth Amendment conditions of confinement claim against the Greene Defendants; the ADA retaliation claim; and the ADA discrimination claim related to busing at Greene.

Plaintiff is GRANTED leave to amend with respect to (i) the Eighth Amendment conditions of confinement claim regarding allegedly unsafe showers at Greene, and (ii) the ADA discrimination claims regarding busing, both of which are brought against the Greene Defendants.

Plaintiff's amended complaint shall be filed by no later than December 30, 2016, in accordance with Part IV above.

12

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to terminate the motion.  (Doc. #32).

Dated:  November 21, 2016
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

13